UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-441-GWU

AMANDA S. CALDWELL,                                                      PLAINTIFF,

VS.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

      Counsel for the plaintiff has filed a Motion to Set Aside the court's order of January 16, 2008, granting Caldwell's Motion to Dismiss the instant action filed December 20, 2007, as being a duplicate appeal.  The current motion states that the correct plaintiff was John Sexton, and that "[t]he plaintiff inexplicably caused to be attached to John Sexton's pleadings the electronic complaint and pleadings of Amanda S. Caldwell [who] had previously filed an action."  The motion also states that counsel was notified by an unspecified source that Amanda S. Caldwell had filed a "duplicate appeal" and he was "instructed to file a motion to dismiss the duplicate claim."  Counsel avers that he was not sophisticated enough to appreciate "the attachment filing error" and this action, "which was in reality an appeal by John Sexton was dismissed due to the mistaken belief that it was a duplicate filing for Amanda S. Caldwell."  Subsequently, the time for filing of an appeal by John Sexton has expired.  The Commissioner opposes the motion.

1

07-441  Amanda S. Caldwell

While the court is sympathetic to counsel's plight, even the liberal substitution rules of the Federal Rules of Civil Procedure do not allow the motion to be granted. There is no evidence on the face of any of the filings that the real plaintiff was John Sexton. The action was commenced under the name of Amanda S. Caldwell, and the Complaint, the Motion to Proceed in Forma Pauperis with attached affidavit, and proposed summonses were all in this name.[1] Counsel filed a Motion to Dismiss 07-441 on January 14, 2008, which the undersigned granted the next day. Nothing in this document mentioned John Sexton, or alleged that it was "in reality" an action in his name. Mr. Sexton's name did not appear in the action until counsel filed the Motion to Set Aside on April 23.

While at common law "an entire change of plaintiffs is not allowable, being in effect regarded as a change of cause action . . . where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the suit the substitution is allowed." New York Evening Post Co. v. Chaloner, 265 F. 204, 213 (2d Cir. 1920). Accord 67A C.J.S. Parties § 76

---

[1] It appears that counsel for the plaintiff filed a motion for leave to proceed in forma pauperis and affidavit on behalf of Amanda S. Caldwell on December 10, 2007; the case was assigned to Chief Judge Jennifer B. Coffman. Caldwell v. Astrue, London Civil Act. No. 07-421-JBC. Judge Coffman ordered the plaintiff to file a supplemental affidavit with additional information. Id., Docket Entry No. 3. Counsel filed the supplemental affidavit on December 20, 2007. Id., Docket Entry No. 4. The same day, the same affidavit was filed as part of a new civil action, which was assigned to the undersigned. Caldwell v. Astrue, London Civil Act. No. 07-441-GWU, Docket Entry No. 1.

07-441  Amanda S. Caldwell

(2008) ("an amendment which effects an entire change of parties and introduces a new and independent cause of action will not be permitted.")  In the present case, there is no allegation that John Sexton has any relation of interest with Amanda S. Caldwell or that this cause of action has any connection with Amanda S. Caldwell's; rather, it is entirely new.

Moreover, while the court recognizes that Rule 21 of the Federal Rules of Civil Procedure, captioned "Misjoinder and Non-Joinder of Parties," allows parties to be dropped or added by order of the court at any stage "on such terms as are just," the Commentary to the rule adds that "[n]on-joinder refers to the situation where a party is omitted from the action in violation of either Rule 17 (real party in interest) or Rule 19(a) (a party to be joined if feasible)."  Clearly, Rule 21 is not intended to allow a party to be substituted in order to create a different cause of action.  "Nothing on the face of Rule 21 allows substitution of parties . . . .  Even if the rule applied, substitution would be proper only where 'just.'  Therefore, prejudice to a non-moving party will defeat a Rule 21 motion."  <u>Sable Communications of California v. Pacific Tel. & Tel. Co.</u>, 890 F.2d 184, 191 n. 13 (9th Cir. 1989).  In the present case, it would certainly result in prejudice to the defendant to substitute a new plaintiff and new cause of action in a proceeding which has already been dismissed as duplicative.

07-441 Amanda S. Caldwell

In summary, the court concludes that John Sexton was not a true party to this proceeding at any stage, and counsel has not shown any legitimate basis to add Mr. Sexton as a party. Accordingly, the plaintiff's Motion to Set Aside is DENIED.

This the 14th day of May, 2008.

Signed By:
*G. Wix Unthank*
United States Senior Judge

4